USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/18/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, and APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND
INDUSTRY FUND, TRUSTEES OF THE NEW
YORK CITY CARPENTERS RELIEF AND
CHARITY FUND, THE NEW YORK CITY AND
VICINITY CARPENTERS LABOR-
MANAGEMENT CORPORATION, and the NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

                                                 Petitioners,

                    -against-

PREMIER CONCRETE SERVICES INC.,

                                                 Respondent.
------------------------------------------------------------------X

17-CV-6036 (VEC)

AMENDED ORDER
AND OPINION

VALERIE CAPRONI, United States District Judge:

       The Petitioners, which include Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Education and Industry Fund; Trustees of the New York City Carpenters Relief and Charity Fund; the New York City and Vicinity Carpenters Labor-Management Corporation; and the New York City District Council of Carpenters ("Petitioners"), seek confirmation of an arbitration award entered against Respondent, Premier Concrete Services, Inc., as well as attorneys' fees and costs, pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the reasons stated below, the petition is granted.

1

I.   **BACKGROUND**

Petitioners in this matter seek to enforce an arbitration award of $24,126.86 plus interest against Respondent, entered pursuant to the parties' applicable Collective Bargaining Agreement. Petition to Confirm Arbitration Award ("Petition") [Dkt. 1] ¶¶ 4–8, 17–22; Collective Bargaining Agreement ("CBA") [Dkt. 1-4]. According to the Petition, Respondent became bound by the CBA in connection with a development project in 2014. Petition ¶¶ 9–11. The CBA requires Respondent to contribute to a set of fringe benefit funds (the "Funds") for every hour worked by a covered union employee, and allows the Funds to audit Respondent to ensure compliance with its contribution obligations. *Id*. ¶¶ 12–13; CBA Art. XI §§ 1, 7B.[1] The CBA further permits arbitration of a dispute over such contributions, which may result in the award of unpaid contributions, interest, liquidated damages, attorneys' fees, costs, and other relief. Petition ¶¶ 14–15; CBA Art. XI § 7A(f), (g).

An audit revealed that Respondent had failed to make required contributions from April 12, 2014 through March 31, 2015, prompting arbitration. Petition ¶¶ 16–17. The arbitrator found that Respondent violated the CBA and required Respondent to pay $24,126.86 plus 5.75% interest accruing thereafter; payment remains outstanding. *Id*. ¶¶ 18–21; Opinion and Default Award of Arbitrator ("Award") [Dkt. 1-6].[2]

---

[1]  The Copy of the CBA attached to the Petition includes two sections under Article XI labeled "Section 7." The Court will refer to the first as "7A" and the second as "7B."

[2]  At the arbitration, no one appeared on behalf of Respondent. The arbitrator found that the Respondent had received sufficient notice of the arbitration but did not request an adjournment or extension of time to appear. Award at 1–2.

## II. DISCUSSION

### A. The Arbitration Award was Proper

"Section 301 of the [LMRA] provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citation omitted). "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, . . . and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (citations and internal quotation marks omitted).

A court's "review of an arbitration award under the LMRA is . . . very limited." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)) (internal quotation marks omitted). A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but inquire[s] only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Id.* The court's "task is simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "As long as the award draws its essence from the collective bargaining agreement and is not merely the arbitrator's own brand of industrial justice, it must be confirmed." *Id.* (quoting *Int'l Bhd. of Elec. Workers, Local 97 v. Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)) (internal quotation marks omitted). "Generally speaking, unless the award is procured

through fraud or dishonesty, the decision should not be disturbed." *Local 97, Int'l Bhd. of Elec. Workers, A.F.L.-C.I.O. v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) (citation omitted).

When a petition to confirm an arbitration award is unopposed, courts generally treat the petition and accompanying record like a motion for summary judgment; as with an unopposed summary judgment motion, an unopposed confirmation petition must be granted unless the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law. *See D.H. Blair & Co*, 462 F.3d at 109–10. "[E]ven where a non-moving party fails to respond to a motion for summary judgment, . . . [i]f the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*" *D.H. Blair*, 462 F.3d at 109–10 (quoting *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)) (emphasis in original).

The Court has reviewed Petitioner's submissions and finds that they provide undisputed evidence that Respondent failed to make the required payments, and show that the arbitrator's award was properly within the scope of his authority.[3] Petitioners' motion is thus granted and the award is confirmed.

---

[3] On December 28, 2017, the Court ordered Petitioners to provide the basis for the award of "Non-Audit Late Payment Interest." *See* December 28, 2017 Order [Dkt. 11]. Petitioners replied by letter on January 4, 2018, explaining the legal and factual basis for the award—this component of the arbitration award was tied to interest on contributions that had been made late, in contrast to the contributions that the audit concluded had not been made at all—and providing a schedule setting forth the calculation of this award component. January 4, 2017 Letter [Dkt. 13]; Ex. G, Late Payment Schedule [Dkt. 13-1] at 268. The Court also requested, on January 5, 2018, that Petitioners submit the audit report that supported the arbitrator's award, which Petitioners filed on January 11, 2018. *See* January 5, 2018 Order [Dkt. 14]; Audit Report [Dkt. 15-1]. The Court has reviewed these materials and is satisfied that the arbitrator had a factual basis for the arbitration award.

### B. Reimbursement of Attorneys' Fees and Costs is Warranted

Petitioners also seek reimbursement for attorneys' fees and costs. *See* Petition ¶¶ 23–32, and at 7. While attorneys' fees and costs are generally not recoverable from an opposing party, courts have used their inherent powers to award them in successful petitions to confirm arbitration awards "when a challenger refuses to abide by an arbitrator's decision without justification . . . ." *Trustees of the New York City Dist. Council of Carpenters Pension Fund v. Coastal Envtl. Grp., Inc.*, No. 1:16-CV-6004-GHW, 2016 WL 7335672, at *3 (S.D.N.Y. Dec. 16, 2016) (quoting *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)) (internal quotation marks omitted).

The Court finds that an award of fees and costs is justified. Respondent was bound by the CBA to submit disputes over contributions to the Funds to arbitration. Respondent failed to participate in the arbitration proceeding, failed to participate in the instant matter, and has not paid the arbitration award. Additionally, the CBA entitles Petitioners to reasonable attorneys' fees and costs incurred in collecting delinquent contributions. *See* Petition ¶ 23; CBA Art. XI § 7A(f). Respondent has failed to justify its refusal to abide by the arbitrator's decision, warranting the award of reasonable fees and costs. Petitioners seek $570 in attorneys' fees for 2.4 hours of work, along with $75 of service fees. Petition ¶¶ 31–32; Attorney Invoice ("Invoice") [Dkt. 1-8]. The Court finds these amounts reasonable, and awards Petitioners $645 for fees and costs.

### C. Statutory Interest is Warranted

Petitioners also seek post-judgment interest at the statutory rate. Petition at 7. Pursuant to 28 U.S.C. § 1961, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court . . . calculated from the date of the entry of the judgment, at a rate

equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." 28 U.S.C. § 1961(a). Such awards of post-judgment interest are mandatory and apply to actions to confirm arbitration awards. *Trustees for The Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc.*, No. 1:15-CV-6628-GHW, 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016) (citing *Cappiello v. ICD Publ'ns, Inc.,* 720 F.3d 109, 113 (2d Cir. 2013); *Westinghouse Credit Corp. v. D'Urso,* 371 F.3d 96, 100–01 (2d Cir. 2004)). The Court thus awards interest to accrue from the date judgment is entered until payment is made.

### III. CONCLUSION

For the reasons stated above, the Court grants the petition to confirm arbitration, awards judgment in Petitioners' favor in the amount of $24,126.86 plus 5.75% prejudgment interest, awards an additional $645 for attorneys' fees and costs related to the instant litigation, and imposes post-judgment interest at the statutory rate until the judgment is paid. The Clerk of Court is respectfully instructed to terminate Docket Entry 1.

**SO ORDERED.**

Date: January 18, 2018
New York, New York

_____
**VALERIE CAPRONI**
**United States District Judge**